UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 MAY 29  PM 2: 02

BY _____
DEPUTY CLERK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., | )<br>)<br>) |
| PLAINTIFF, | )<br>) |
| v. | )<br>) |
| ENGELBERTH CONSTRUCTION, INC. | )<br>)<br>) |
| DEFENDANT. | )<br>) |

CASE NO. 1:15-CV-113

# COMPLAINT

Plaintiff, National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union"), brings this Complaint against the defendant, Engelberth Construction, Inc. ("Engelberth") and in support thereof alleges as follows:

## NATURE OF THE CASE

1. National Union issued commercial general liability insurance Policy No. GL 093-99-62 to Engelberth effective June 1, 2009 to June 1, 2010 (the "2009 policy"). The 2009 policy as issued does not reflect the parties' original, mutual understanding of its terms. Specifically, certain endorsements were inadvertently omitted from the issued policy, including an Absolute Wrap-Up Exclusion Endorsement.

The Absolute Wrap-Up Exclusion excludes coverage to Engelberth for "bodily injury" or "property damage" arising out of operations which are performed by or on Engelberth's behalf and which are insured under an Owner Controlled Insurance Program ("OCIP"). This specific endorsement was included in five policies issued to Engelberth before the 2009 policy and was also issued on the policies issued to Engelberth after the 2009 policy. Critically, this

endorsement is also identified in the binder of coverage National Union issued for the 2009 policy. The binder is a document prepared by National Union and sent to Engelberth's broker indicating the terms of insurance National Union agreed to provide to Engelberth.

After policy issuance, Engelberth tendered two lawsuits for coverage under the 2009 policy and other policies issued by National Union and its affiliated insurers. The lawsuits are entitled *The Stratton Corporation, et al. v. Engelberth Construction, Inc.*, Case No. 447-9-12 Wmcv, the Vermont Superior Court, Windham Division, and *The Stratton Corporation, et al. v. Engelberth Construction, Inc.*, Case No. 60-2-11 Wmcv, the Vermont Superior Court, Windham Division (collectively, the "underlying lawsuits"). The underlying lawsuits involve allegations of construction defects at a ski resort known as Solstice, developed by Intrawest Corp. ("Intrawest"). National Union issued an OCIP to Intrawest, which provides coverage for the Solstice development. Engelberth, as Intrawest's general contractor on the Solstice project, is also an insured under the OCIP.

Upon investigating coverage for Engelberth relative to the underlying lawsuits under the 2009 policy, National Union discovered that the policy was inadvertently issued without certain endorsements, including the Absolute Wrap-Up Exclusion. National Union's investigation confirmed that the parties originally intended for the exclusion to be included in the policy. For this reason, National Union seeks to reform the 2009 policy to accurately reflect the parties' intent and agreement.

## **PARTIES**

2. National Union is a Pennsylvania corporation with its principal place of business in New York, New York.

3. Engelberth is a Vermont corporation with its principal place of business in Colchester, Vermont.

## JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. The Court has personal jurisdiction over Engelberth because it has sufficient minimum contacts with the State of Vermont to justify the exercise of personal jurisdiction.

6. Venue is proper in the District of Vermont pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, including that the delivery of the relevant insurance policy occurred in this district.

## FACTS

### A.   THE INSURANCE POLICIES ISSUED TO ENGELBERTH

7. Beginning in 2004, insurance company affiliates of National Union, including American Home Assurance Company ("American Home") and New Hampshire Insurance Company ("New Hampshire"), began issuing commercial general liability policies to Engelberth on an annual basis.

8. Each policy issued by American Home and New Hampshire from 2004 – 2009 included an Absolute Wrap-Up Exclusion (83641(11/03)) form. The Absolute Wrap-Up Exclusion provides in relevant part:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of either your ongoing operations or operations included within the "products-completed operations hazard", which are performed by or on your behalf and which are insured under any Owner Controlled Insurance Program (O.C.I.P.), Contractor Controlled Insurance Program (C.C.I.P.) or other similar program (a "Wrap Up Program").
>
> This exclusion applies whether or not the Wrap Up Program:
>
>     (1)    Provides coverage identical to that provided by this Coverage Part;
>     (2)    Has limits adequate to cover all claims; or
>     (3)    Remains in effect.

9. National Union underwrote the 2009 policy as a renewal of the 2008 – 2009 policy, which contained the Absolute Wrap-Up Exclusion.

10. During the underwriting on the 2009 policy, National Union issued a "binder" to Engelberth's broker that lists the premium to be paid for the policy, the limits of coverage for the policy, and identifies the forms of insurance terms to be included in the policy. The binder reflects the parties' understanding as to the terms of the policy. Attached as Exhibit 1 is a true and accurate copy of the binder for the 2009 policy.

11. National Union issued the 2009 policy to Engelberth.

12. When the 2009 policy was issued, certain forms were inadvertently omitted from the policy.

13. The 2009 binder lists several forms that were erroneously omitted from the issued policy. Among the forms listed on the binder, but omitted for the 2009 policy, is the Absolute Wrap-Up Exclusion (83641(11/03)). (*Id.*)

14. Subsequent to the 2009 policy, National Union issued commercial general liability insurance Policy No. GL 458-13-54 to Engelberth effective June 1, 2010 to June 1, 2011. This policy contained the Absolute Wrap-Up Exclusion and is a renewal of the 2009 policy.

15. Of the eight commercial general liability insurance policies issued by American Home, New Hampshire and National Union annually between 2004 and 2012, the only policy issued without attaching the Absolute Wrap-Up Exclusion is the 2009 policy.

16. Engelberth and National Union intended the 2009 policy to have the same terms as the earlier and later policies.

17. The binder and the consistent inclusion of the Absolute Wrap-Up Exclusion in every other policy issued to Engelberth evidences that the parties intended the 2009 policy to include the Absolute Wrap-Up Exclusion.

18. In addition to the Absolute Wrap-Up Exclusion, the binder for the 2009 policy also demonstrates that the General Aggregate Limit Per Project (CG 2503 (11/85)), the General Aggregate Limit Per Location (CG 2504 (11/85)), the Asbestos & Silicosis Exclusion (82540 (11/03)), and Amendment of Limits of Insurance – IBM (CG2501) were intended to be included in the 2009 policy.

19. The inadvertent omission of these forms was the result of a clerical error and/or mutual mistake between the parties.

**B.     THE UNDERLYING LAWSUITS**

20. Intrawest, through certain of its subsidiaries or affiliates, filed the underlying lawsuits against Engelberth.

21. The underlying lawsuits alleged that Intrawest was the developer of a 77-unit condominium project in Stratton, Vermont, known as the Solstice Trailside at Stratton ("Solstice"). The underlying lawsuits alleged Engelberth performed general contractor services in connection with the project.

22. The underlying lawsuits alleged that Engelberth breached its duty of care in performing its services and sought damages.

23. The Solstice project was insured as part of an OCIP issued by National Union. Engelberth, as the general contractor on the Solstice project, was an insured in the OCIP.

24. The underlying lawsuits were dismissed, but Intrawest is pursuing a claim against Engelberth for alleged construction deficiencies at Solstice.

**COUNT I – REFORMATION**

25. National Union adopts and realleges each and every allegation set forth in paragraphs 1 through 24 above.

26. The binder to the 2009 policy represents the parties' intent and agreement to enter into an insurance contract that included certain insurance forms: the Absolute Wrap-Up Exclusion (83641 (11/03)), General Aggregate Limit Per Project (CG 2503 (11/85)), General Aggregate Limit Per Location (CG 2504 (11/85)), the Asbestos & Silicosis Exclusion (82540 (04/05)), and Amendment of Limits of Insurance – IBM (CG2501).

27. The 2009 policy, as issued, omitted certain material terms that the parties had agreed to include.

28. The omission of these material forms represents an inadvertent clerical error and/or mutual mistake.

29. Reformation of the 2009 policy will not prejudice Engelberth, as the erroneously omitted terms were always part of the agreement of insurance between the parties.

30. The 2009 policy should be reformed to include the Absolute Wrap-Up Exclusion (83641 (11/03)), General Aggregate Limit Per Project (CG 2503 (11/85)), General Aggregate Limit Per Location (CG 2504 (11/85)), the Asbestos & Silicosis Exclusion (82540 (04/05)), and Amendment of Limits of Insurance – IBM (CG2501) to equitably reflect the agreement between the parties.

**WHEREFORE**, National Union respectfully requests the Court enter judgment declaring:

(a) Policy No. GL 093-99-62 issued by National Union to Engelberth effective June 1, 2009 to June 1, 2010 is reformed to include the Absolute Wrap-Up Exclusion (83641

(11/03)), General Aggregate Limit Per Project (CG 2503 (11/85)), General Aggregate Limit Per Location (CG 2504 (11/85)), the Asbestos & Silicosis Exclusion (82540 (04/05)), and Amendment of Limits of Insurance – IBM (CG2501); and,

(b) Any and all other relief to which National Union may be entitled.

Dated: May 29, 2015

                NATIONAL UNION FIRE INSURANCE
                COMPANY OF PITTSBURGH, PA

                By: _____
                One Of Its Attorneys
                Gary R. Kupferer, Esquire
                Webber, Chapman & Kupferer, Ltd.
                25 Washington Street
                Rutland, VT 05702
                (802) 773-9109
                kupferer@sover.net

552380